UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMMY COOPER, CROSS OVER THERAPY, LLC, KENDALL "KEN" BROWN | * * * * | CIVIL ACTION |
| VERSUS | * * | NUMBER 3:16-cv-00259 |
| PRIMARY CARE SOLUTIONS, INC. WILLIAM BULLOCK, MONICA LEWIS, AND KIM ROUNDTREE | * * * | JUDGE: JOHN W. DeGRAVELLES<br>MAG. JUDGE: ERIN WILDER-DOOMES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS UNDER FRCP RULE 12(B)(2) AND 12(B)(6)**

Defendants, Primary Care Solutions, Inc., William Bullock, Monica Lewis, and Kim Roundtree, submit the following Memorandum in Support of their Motion to Dismiss under FRCP Rule 12(b)(2) and 12(b)(6).

**INTRODUCTION**

As the Court is aware, On June 20, 2016, Defendants, Primary Care Solutions, Inc., William Bullock, Monica Lewis, and Kim Roundtree, filed a Motion to Dismiss under FRCP Rule 12(b)(2) and 12(b)(6).[1]

Plaintiffs opposed the Motion and Defendants filed a Reply Memorandum in Support of the Motion[2] as well as two Supplemental Memoranda in Support of Motion to Dismiss.[3]

On March 21, 2017, this Honorable Court ruled on the aforementioned Motion, granting in part and denying in part.[4] The Court also gave Plaintiffs leave to file an amended complaint to address the deficiencies discussed with regard to the Court's rulings. Plaintiffs have now filed a

---

[1] R.Doc.10 and 10-1
[2] R.Doc.15
[3] R.Doc.18 and 20
[4] R.Doc.26

First Supplemental and Amending Complaint in response to which the Defendants now re-urge their Original Motion to Dismiss and each Reply and Supplemental Memorandum in Support along with all attachments as if copied in *extenso*. Additionally, Defendants will not address Plaintiffs' cause of action under the Federal Trade Commission Act or their cause of action under the Louisiana Securities Law as those claims are not included in the First Supplemental and Amending Complaint and appear to have been abandoned by Plaintiffs.

This is a contractual dispute. At one time, North Carolina-based Primary Care Solutions operated several mental health care facilities in Louisiana. Plaintiffs, citizens of Louisiana, agreed to provide consulting services to Primary Care Solutions pursuant to two written agreements. The agreements required Plaintiffs, Cross Over Therapy, LLC (owned by Tammy Cooper), and Ken Brown to serve as site directors of two mental health care facilities in Donaldsonville and St. Francisville, respectively.

The agreement with Cross Over Therapy, made on May 1, 2014, had a two year term and no renewal provision. The agreement with Brown, made on July 29, 2014, provided that either party could cancel the contract with 90 days' notice. Both agreements permitted Cross Over Therapy and Brown to receive payments if certain conditions were met. The parties dispute what, if any, monies are due under the contracts, and that issue is not presently before the Court.

On December 1, 2015, Louisiana Medicaid changed the way members receive behavioral health services. All Medicaid members now get their behavioral health services through a Health Plan. As a result of these changes, which resulted in increased costs and other regulatory burdens, Primary Care Solutions was unable to continue operating in Louisiana. Rather than close all of its Louisiana facilities, Primary Care Solutions elected to sell its assets to a third party, Seaside HCBS, LLC ("Seaside"). As part of the negotiations with Seaside, Primary Care Solutions asked that

Cooper and Brown be allowed to work in the Donaldsonville and St. Francisville locations. Seaside agreed to this, and both Cooper and Brown accepted gainful employment with the new owner.

Plaintiffs filed the instant lawsuit in an effort to extract additional concessions from Primary Care Solutions. With no factual or legal basis, Plaintiffs also named three of Primary Care Solutions' principals, all North Carolina citizens.

In essence, Plaintiffs allege that they had a vested ownership interest in the Donaldsonville and St. Francisville locations by virtue of providing contracted services. Plaintiffs assert other scattershot legal theories of liability, and have gone to some lengths to couch their claims in terms of violations of state and federal consumer-protection laws. However, with the exception of their claims for breach of contract against Primary Care Solutions, none of Plaintiffs' claims can survive the present motion to dismiss.

This Court should refuse to accept Plaintiffs' "shotgun" pleading approach and should view the action for what it actually is—a garden-variety breach of contract matter. This Court should decline to exercise personal jurisdiction over William Bullock, Monica Lewis and Kim Roundtree. This Court should also dismiss the first, second, third, fourth, fifth and sixth causes of action against Primary Care Solutions and/or the individual Defendants, as applicable.

### LAW AND ARGUMENT—PERSONAL JURISDICTION

**1.      Legal Standard for Rule 12(b)(2) motion to dismiss.**

Before it may exercise personal jurisdiction over a nonresident defendant, a federal district court must "determine whether both the forum state's long-arm statute and federal due process permit the court to exercise personal jurisdiction." *Johnson v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). Due process permits a federal court to exercise personal jurisdiction over a

nonresident defendant only if a plaintiff proves: (1) that the nonresident defendant has "purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state;" and (2) that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id*. (quotations and citations omitted).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction exists when the defendant's contacts "arise from, or are directly related to, the cause of action." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General personal jurisdiction, on the other hand, "will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both 'continuous and systematic.' *Id*. (quoting *Helicopteros Nacionales de Colombia*, *S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

2. **Plaintiffs have failed to establish any basis to exercise general personal jurisdiction over William Bullock, Monica Lewis and Kim Roundtree.**

General jurisdiction exists when a defendant's contacts with the forum state are not related to the cause of action, but are continuous and systematic. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir.1999). In the context of a motion filed pursuant to Rule 12(b)(2), a plaintiff must establish a court's personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). When considering such a motion, the court must accept as true "[t]he allegations of the complaint, except insofar as controverted by opposing affidavits." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985) (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270–71 (5th Cir.1983)).

Defendants refer this Honorable Court to the Declarations attached to its original Motion

to Dismiss provided by William Bullock, Monica Lewis and Kim Roundtree. Plaintiffs have attempted in their Supplemental Complaint to establish "continuous and systematic" contacts in Louisiana on the part of the individual Defendants. However, Plaintiffs fail to show that the individual defendants conducted any business other than as representatives and directors of PCS. The new allegations of the Supplemental Complaint are controverted by the original Declarations of the individual Defendants.

The Supplemental Complaint does not contain any allegations that would warrant this Court exercising general jurisdiction over the individual Defendants. (The allegations which have been added by the Supplemental Complaint may, at best, be used in Plaintiffs' Breach of Contract action against PCS.) Nevertheless, out of an abundance of caution, William Bullock, Monica Lewis, and Kim Roundtree have each filed Declarations that establish their lack of any meaningful ties to Louisiana outside of their employment with Primary Care Solutions.[5] For example, the Declarations establish that each Defendant is a resident of North Carolina and none has conducted any business in Louisiana.[6] In addition, none of them has any physical presence in Louisiana.[7] This hardly constitutes the "continuous and systematic" contacts necessary to confer general jurisdiction. *Mink*, *supra*. Accordingly, Plaintiffs have failed to establish any basis to exercise general jurisdiction over the individual Defendants.

3. **Plaintiffs have failed to establish any basis to exercise specific personal jurisdiction over William Bullock, Monica Lewis and Kim Roundtree.**

"Specific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate

---

[5] The Declarations of William Bullock, Monica Lewis and Kim Roundtree are attached to the Original Memorandum.
[6] Declaration of William Bullock at ¶¶ 5–8; Declaration of Monica Lewis at ¶¶ 5–8; Declaration of Kim Roundtree at ¶¶ 5–8. All Declarations are attached to the Original Memorandum.
[7] *Id*.

to those activities.'" *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001)). The fiduciary shield doctrine holds that an individual's transaction of business within a state solely as a corporate officer does not create personal jurisdiction over that individual, even though the state has personal jurisdiction over the corporation. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). Thus, the general rule in the Fifth Circuit is that jurisdiction over an individual cannot be predicated on jurisdiction over a corporation. *Id*. This is because the fiduciary-shield which cloaks corporate agents and officers usually prevents a court from attributing actions made on behalf of the corporation to the agents or officers who performed them. *Id*. Courts have, however, recognized an exception to this rule when the corporation is the alter ego of the agent. *Spademan*, 772 F.2d at 1198 n. 12 (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir. 1981)).

Plaintiffs' complaint alleges that "[o]n information and belief, Primary Care Solutions has three alter egos, William Bullock, Monica Lewis, and Kim Roundtree."[8] Bullock is alleged to be the president and sole shareholder of Primary Care Solutions.[9] Lewis and Roundtree are alleged to be directors of the corporation.[10] This is the full extent of the "alter ego" allegations. Throughout the Complaint, Plaintiffs then make conclusory references to Primary Care Solutions "and its three alter egos, William Bullock, Monica Lewis and Kim Roundtree."[11] Based on these allegations, it appears that Plaintiffs are attempting to use an unarticulated alter ego theory as a basis for avoiding the fiduciary shield doctrine and establishing personal jurisdiction.

Once again, Plaintiffs have failed to make a *prima facie* showing that the individual

---

[8] R.Doc. 1 at p. 2, ¶ 3.
[9] *Id*. at ¶ 3.
[10] *Id*. at p. 3, ¶¶ 6, 7.
[11] See, e.g., *Id*. at p. 11, ¶ 53.

Defendants are alter-egos of Primary Care Solutions under North Carolina law. What they have accomplished is the use of certain phrases from the case law dealing with disregarding corporate form but they present no additional fact allegations which would cause one to believe the individual Defendants were acting other than for the corporation. One such example of Plaintiffs' attempts is the phrase "Upon information and belief, there was syphoning of funds by the dominate share holder."[12] However, Plaintiffs fail to allege any facts which would be the basis of that conclusory allegation. Again, Defendants rely upon their Declarations attached to their original Motion to Dismiss.

The U.S. Fifth Circuit has held that the substantive law of a company's state of incorporation should be used to determine the viability of a corporation. *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 646–647 (5th Cir. 2002), citing *San Francisco Estates v. Westfeldt Bros.*, No. 97–1102, 1998 WL 12243, at *4 (E.D. La. Jan. 13, 1998); *Powerup of Southeast La. Inc. v. Powerup U.S.A., Inc.*, 94–1441, 1994 WL 543631 (E.D. La. Oct. 5, 1994) (same); *cf. Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1548 n. 3 (5th Cir. 1985) (determining that the Louisiana Supreme Court would apply the law of the state of incorporation to determine the viability of a corporation after dissolution).

Primary Care Solutions was incorporated in North Carolina.[13] Thus, this Court should look to North Carolina for purposes of evaluating Plaintiffs' claims of alter ego status. Under North Carolina law, "[p]iercing the corporate veil is a drastic remedy and should be invoked only in an extreme case where necessary to serve the ends of justice." *Best Cartage, Inc. v. Stonewall Packaging*, LLC, 219 N.C. App. 429, 439, 727 S.E.2d 291 (2012) (quoting *Dorton v. Dorton*, 77 N.C.App. 667, 672, 336 S.E.2d 415 (1985)) (quotation marks omitted); *see also In re Cnty. Green*

---

[12] R.Doc.27, p. 5
[13] Declaration of William Bullock at ¶ 3.

*Ltd. P'ship*, 604 F.2d 289, 292 (4th Cir. 1979) ("[T]he decision to pierce a corporate veil and expose those behind the corporation to liability is one that is to be taken reluctantly and cautiously."). "The instrumentality rule allows for the corporate form to be disregarded if 'the corporation is so operated that it is a mere instrumentality or alter ego of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State[.]'" *State ex rel. Cooper v. Ridgeway Brands Mfg., LLC*, 362 N.C. 431, 440–41, 666 S.E.2d 107, 113–14 (2008) (quoting *Henderson v. Sec. Mortgage & Fin. Co.*, 273 N.C. 253, 260, 160 S.E.2d 39, 44 (1968)).

For Plaintiffs to make a *prima facie* showing that Bullock, Lewis and Roundtree are the alter-egos of Primary Care Solutions under North Carolina law, at a minimum they must allege facts which show "inadequate capitalization, noncompliance with corporate formalities, lack of a separate corporate identity, excessive fragmentation, siphoning of funds by the dominant shareholder, nonfunctioning officers and directors, and absence of corporate records." *Green v. Freeman*, 367 N.C. 136, 145, 749 S.E.2d 262, 270 (2013). Plaintiffs have not alleged any facts which would establish alter ego status but have, instead, used "buzz-words" from the case law such as "undercapitalized" in order to make another attempt at getting past the fiduciary shield doctrine.

The Declaration of William Bullock establishes that "[a]t all applicable times, Primary Care Solutions maintained a separate legal existence" and "filed Articles of Incorporation with the North Carolina Secretary of State, filed annual reports, appointed an agent, maintained its own separate bank accounts, and observed other corporate formalities."[14] Additionally, each of the individual Defendants has stated that his or her interactions with the Plaintiffs were done solely

---

[14] Declaration of William Bullock at ¶ 10, attached to Original Memorandum.

Page | 8

for the benefit of Primary Care Solutions.[15] Plaintiffs have not alleged that any of these individuals sought to benefit from the transactions at issue. This is significant because the "fiduciary shield doctrine is based on the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of the employer." *Downs v. Red River Shipping Corp.*, CIV. A. 93–4280, 1994 WL 148729, at *3 (E.D. La. Apr. 18, 1994) (internal citation and quotations omitted).

In *Crutcher-Tufts Resources, Inc. v. Tufts*, the plaintiff brought an action against a corporation's minority shareholder, asserting claims of conspiracy and alter ego liability. 2007–1556 (La. App. 4 Cir. 9/17/08), 992 So.2d 1091. That court analyzed the alter ego issue under Louisiana's substantive law, which is very similar to North Carolina law. *Id*. at 1093. The court held that "the plaintiff's petition does not allege that any of the above enumerated conditions exist and as such his petition is deficient. Instead, the plaintiff has asserted nothing more than mere legal conclusions, unsupported by factual allegations, which are wholly insufficient to articulate a claim under the alter ego theory of liability." *Id*.

Similarly, in *Office Dimensions-Louisiana, Inc. v. King*, the Louisiana Second Circuit refused to exercise personal jurisdiction over the president of a corporation. 31,139 (La. App. 2 Cir. 9/23/98), 718 So.2d 1052. As the court explained

> This case is not a specific jurisdiction case, and King did not stray beyond the exercise of legitimate corporate authority. Instead, all of King's actions as president, primarily conducted from his Hampshire, Tennessee residence, appear as authorized actions of an agent on behalf of the corporation which do not allow for a basis for the personal liability of King. He therefore cannot be said to have personally availed himself of the privilege of conducting activities within the state by his actions on behalf of ODLa.

*Id*. at 1057. This case is no different from the two cited cases. In the absence of any

---

[15] Declaration of William Bullock at ¶ 11; Declaration of Monica Lewis at ¶ 8; Declaration of Kim Roundtree at ¶ 8.

plausible allegations establishing a claim for alter ego status, Plaintiffs cannot show that individual Defendants consented to jurisdiction in Louisiana. Under the fiduciary shield doctrine, it would be unfair to exercise jurisdiction over the individual Defendants based solely on their status as agents of Primary Care Solutions. Accordingly, this Court, once again, should dismiss William Bullock, Monica Lewis and Kim Roundtree under FRCP Rule 12(b)(2).

## LAW AND ARGUMENT—RULE 12(B)(6) MOTION TO DISMISS

1. **Standard of review.**

Defendants will not unnecessarily repeat what they have provided this Court regarding the standard under Rule 12(b)(6) except to state that the Supplemental Complaint must establish more than a "sheer possibility" that the Plaintiffs' claims are true. *Ashcroft v. Iqbal*, 556 U.S. 662 at 678.

2. **Plaintiffs' have failed to state a cause of action under the Louisiana Unfair Trade Practices Act.**

Plaintiffs have added nothing to their section on the cause of action for violation of Louisiana Unfair Trade Practices Act ("LUTPA") except to reference the same conclusory paragraphs referenced above. Therefore, Defendants will continue to rely on the section of their original Memorandum in Support of Motion to Dismiss and ask that this Cause of Action be dismissed as the Court has already done.[16]

3. **Plaintiffs have failed to state a cause of action for breach of contract against the individual defendants.**

In their second cause of action in the Supplemental and Amending Complaint, Plaintiffs apparently seek to hold William Bullock, Monica Lewis and Kim Roundtree personally liable for

---

[16] R.Doc.10-1 at p. 9-10

Primary Care Solutions' alleged breach of contract.[17] For reasons that have already been set forth, Plaintiffs have not alleged any facts that would support a finding of alter ego status. *See, e.g., Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627 (5th Cir. 1994). Thus, the claims against the individual Defendants should be dismissed for failure to state a claim.

**4.     Plaintiffs have failed to state a cause of action for interference with contract.**

Plaintiffs' third cause of action of their First Supplemental and Amending Complaint once again adds nothing but additional conclusory paragraphs already referenced in this pleading. Therefore, Defendants rely completely upon the section already presented regarding interfering with contracts in its original Memorandum in Support of Motion to Dismiss.[18]

**5.     Plaintiffs have failed to state a cause of action for conversion.**

Defendants rely upon this section of their original Memorandum in Support of Motion to Dismiss as Plaintiffs have provided no new information other than the aforementioned conclusory paragraphs.[19]

**6.     Plaintiffs have failed to state a cause of action under the Fair Labor Standards Act, 29 USC §216(b).**

Defendants rely upon this section of the original Memorandum in Support of Motion to Dismiss and would again point out to the Court that the Plaintiffs' consulting agreements provide that there is no employer/employee relationship which is the threshold issue for a cause of action under the FLSA.[20]

**7.     Plaintiffs have failed to state a cause of action for unjust enrichment.**

---

[17] R.Doc. 1 at p. 18; R.Doc. 27 at p. 20
[18] R.Doc. 10-1, p. 14-15
[19] R.Doc. 10-1, p. 15-17
[20] R.Doc. 10-1, p. 17-19

In addition to the section from its original Memorandum in Support of Motion to Dismiss, Defendants state that Plaintiffs still have not shown that a cause of action lies for unjust enrichment when other remedies are provided by the law.[21]

## CONCLUSION

Defendants are in agreement with this Honorable Court that all of Plaintiffs' claims against the individual Defendants should be dismissed and, moreover, for the reasons stated in its original Memorandum in Support of Motion to Dismiss and here, the causes of action for conversion and unjust enrichment should be dismissed as against Primary Care Solutions, Inc.

Respectfully submitted,

**PUGH, ACCARDO, HAAS, RADECKER & CAREY, LLC**

/s/ H. Philip Radecker, Jr.
LAWRENCE G. PUGH, III (#17351)
H. PHILIP RADECKER, JR. (#17102)
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163-1163
Telephone: (504) 799-4524
Facsimile: (504) 799-4520
*Counsel for Defendants, Primary Care Solutions, Inc., William Bullock, Monica Lewis, and Kim Roundtree*

## CERTIFICATE

I hereby certify that I have on this 10th day of May, 2017, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ H. Philip Radecker, Jr.

---

[21] R.Doc. 10-1, p. 19